UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, | Case No. 25-CV-2107 |
| Plaintiff, | |
| v. | *Oral Argument Requested* |
| OREN ALEXANDER, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT OREN ALEXANDER'S
MOTION TO DISMISS THE FIRST CAUSE OF ACTION**

**The Law Offices of Jason Goldman**
Jason Goldman, Esq.
275 Madison Ave., 35th Fl.
New York, New York 10016
212.466.6617
jg@jasongoldmanlaw.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................3

COMPLAINT ALLEGATIONS...............................................................................................4

LEGISLATIVE HISTORY........................................................................................................5

      I.      VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION LAW........5

      II.     CHILD VICTIMS ACT ("CVA") AND ADULT SURVIVOR ACT ("ASA")......6

            A.     Revival Provision of the Child Victim's Act: CPLR § 214.........................6

            B.     Revival Provision of the Adult Survivor's Act: CPLR § 214......................7

            C.     The 2022 VGMVPL Amendment..................................................................8

            D.     CPLR § 213-c..................................................................................................9

ARGUMENT..............................................................................................................................9

      I.      LEGAL STANDARD....................................................................................10

      II.     APPLICATION..............................................................................................11

            A.     Plaintiff's VGMVPL Cause of Action Must be Dismissed........................11

                  1.     The VGMVPL Cause of Action is Untimely
                          Because New York State Law Preempts the 2022
                          VGMVPL Revival Amendment........................................................11

                  2.     The VGMVPL Cause of Action is Time-Barred............................16

CONCLUSION.........................................................................................................................17

# **TABLE OF AUTHORITIES**

**Cases**                                                                                         **Pages**

*Albany Area Builders Ass'n v. Town of Guilderland*,
   74 N.Y.2d 372 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Bellino v. Tallarico*,
   No. 24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) . . . . . . . . . . . . . . . .  16

*Breest v. Haggis*,
   180 A.D.3d 83 (1st Dep't 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Breest v. Haggis*,
   67 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Byrd v. City of New York*,
   No. 04-CV-1396, 2005 WL 1349876 (2d Cir. June 8, 2005). . . . . . . . . . . . . . . . . . . . . .  11

*Carroll v. Trump*,
   650 F. Supp. 3d 213 (S.D.N.Y. 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*,
   184 A.D.3d 197 (1st Dep't 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*DJL Rest. Corp. v. City of New York*,
   96 N.Y.2d 91 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Doe v. Gross*,
   No. 23-CV-6325, 2024 WL 3729007 (S.D.N.Y. Aug. 7, 2024). . . . . . . . . . . . . . . . . . . . .  5

*Doe v. Jones*,
   No. 22-CV-644 (KAM) (LB), 2022 WL 2065032 (E.D.N.Y. June 8, 2022) . . . . . . . . . . . . .  7

*Doe v. New York City Board of Education*,
   No. 21-CV-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023). . . . . . . . . . . . . . . . . . . .  8

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Hayden v. Paterson*,
   594 F.3d 150 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*In re Enterprise Mortg. Acceptance Co., LLC, Sec. Litig. v.*

*Enterprise Mortg. Acceptance Co. ("Enterprise")*,
   391 F.3d 401 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Johnson v. Priceline.com, Inc.*,
   711 F.3d 271 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*,
    74 N.Y.2d 761 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Louis v. Niederhoffer*,
    No. 23-CV-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023). . . . . . . . . . . . . . . . . 7

*Mayor of City of New York v. Council of City of New York*,
    4 Misc. 3d 151 (Sup. Ct. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Oawlawolwaol v. Boy Scouts of Am.*,
    No. 21-CV-4714, 2021 WL 4355880 (E.D.N.Y. Sept. 24, 2021) . . . . . . . . . . . . . . . . . . . . 8

*Parker v. Alexander,*
    No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025). . . . . . . . . . . 12, 15

*PC-41 Doe v. Poly Prep Country Day Sch.*,
    590 F. Supp. 3d 551 (E.D.N.Y. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 15

*People v. Torres*,
    37 N.Y.3d 256 (2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Police Benevolent Ass'n of City of New York, Inc. v. City of New York*,
    40 N.Y.3d 417 (2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
    35 N.Y.3d 332 (2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Temple v. Hudson View Owners Corp.*,
    222 F. Supp. 3d 318 (S.D.N.Y. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Morrison*,
    529 U.S. 598, 618 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

FED. R. CIV. P. 12(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

FED. R. CIV. P. 12(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

N.Y. C.P.L.R. § 213-C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

N.Y. C.P.L.R. § 214-G . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

N.Y. C.P.L.R. § 214-J . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM

N.Y.C. ADMIN. CODE § 10-1101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

N.Y.C. ADMIN. CODE § 10-1102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.Y.C. ADMIN. CODE § 10-1105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PASSIM

N.Y.C. ADMIN. CODE §10-1103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**OTHER AUTHORITIES**

N.Y. SESS. LAWS CH. 11, § 3 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

N.Y. SESS. LAWS CH. 3 (MCKINNEY 2006) (S. 8441) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.Y. SESS. LAWS CH. 315 (MCKINNEY 2019) (S. 6574) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**PRELIMINARY STATEMENT**

Defendant Oren Alexander respectfully submits this memorandum of law in support of his motion pursuant to Federal Rule of Civil Procedure 12(b) ("Rule 12(b)") for an order dismissing the Complaint's First Cause of Action, filed by Plaintiff Jane Doe ("Plaintiff"), with prejudice.

This cause of action is incurably untimely. Plaintiff alleges that on or about September of 2017, Defendant Oren Alexander ("Defendant") sexually assaulted Plaintiff in a Manhattan apartment. Compl. ¶¶ 1, 17–18. Whether or not these events occurred—and Defendant vigorously denies that they did—the statute of limitations on Plaintiff's claims expired no later than July 1, 2020. Plaintiff seeks to assert her untimely claims under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code § 10-1101 *et seq.*, as amended in 2022 (the "2022 VGMVPL Amendment"). However, the VGMVPL does not rescue Plaintiff's claims.

*First*, this cause of action is time-barred. The applicable statute of limitations for VGMVPL claims is seven years. Consequently, the statute of limitations ran by July 2020 under the VGMVPL.

*Second*, the 2022 VGMVPL Amendment—which created a two-year look back window to file otherwise time-barred VGMVPL claims—does not rescue or revive Plaintiff's stale claims. N.Y.C. Admin. Code § 10-1105. That is because the 2022 VGMVPL Amendment itself is preempted by New York State's Child Victims Act ("CVA") and Adult Survivors Act ("ASA"). *See Parker v. Alexander et al.*, 24-cv-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025); Declaration of Jason Goldman ("Goldman Decl."), Ex. 1. Plaintiff failed to

3

commence her action within the ASA revival window. Because she did not do so, and because the 2022 VGMVPL Amendment is preempted by New York State law, Plaintiff's time-barred claims are not subject to revival.

## COMPLAINT ALLEGATIONS

Plaintiff filed her Complaint on February 18, 2025. The Complaint alleges that on or about September 1, 2017, Defendant invited Plaintiff to his apartment where he allegedly sexually assaulted her. Compl. ¶¶ 1, 17–18. Specifically, Plaintiff alleges that Plaintiff consumed a cup of tea offered by Defendant then lost her ability to resist and was sexually assaulted and raped by Defendant. *Id*.

Based on that conduct, Plaintiff asserts two causes of action. The First Cause of Action alleges that Defendant is liable under the 2022 VGMVPL Amendment, for committing a "crime of violence motivated by gender" under N.Y.C. Admin. Code §10-1103. *Id*. at ¶ 28. The Second Cause of Action alleges that Defendant committed a "sexual battery," and that by "forcing sexual contact onto Plaintiff, Defendant committed acts constituting rape and oral sexual conduct, falling within the scope of CPLR § 213-c," which (as amended in 2019) provides a 20-year statute of limitations for civil claims arising from such conduct. *Id*. at ¶ 35.

Plaintiff's threadbare allegations attempt to paint Defendant as a calculated predator with a "history of preying on young women." *Id*. at ¶ 10. Discovery will ultimately show that the allegations are false, however, even assuming the truth of Plaintiff's allegations, the first cause of action is time-barred and must be dismissed pursuant to Rule 12(b). Before addressing the merits, however, we first discuss the legislative history surrounding the legislative enactments that determine the timeliness of Plaintiff's claims.

**LEGISLATIVE HISTORY**

I.   **VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION LAW**

The Victims of Gender-Motivated Violence Protection Law ("VGMVPL") The City of New York enacted the VGMVPL in 2000, following the U.S. Supreme Court decision in *United States v. Morrison*, which held that the Constitution offered no avenue for victims of gender-motivated violence to pursue federal claims against perpetrators of these offenses, and thus struck down a provision of the Violence Against Women Act of 1994 ("VAWA") providing such redress. *See* 529 U.S. 598, 618 (2000) ("[W]e can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims."). The VGMVPL created a private right of action for any victim of a crime of gender motivated violence.[1] N.Y.C. Admin. Code §§ 10-1101, 1102 ("In light of the void left by the supreme court's decision, this council finds that victims of gender-motivated violence should have a private right of action against perpetrators of offenses committed against them under the administrative code."). The VGMVPL requires that such claims are asserted within seven years after the alleged crime of violence motivated by

---

[1] The VGMVPL defines "crime of violence motivated by gender" as an act "that would constitute a misdemeanor or felony against the person ... [and] presents a serious risk of physical injury to another" that was "committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." N.Y.C. Admin. Code § 10-1103. New York Courts have held that rape and sexual assault are sufficient to satisfy the animus requirement of the VGMVPL. *See, e.g., Breest v. Haggis*, 67 Misc. 3d 1218(A), 127 N.Y.S.3d 699 (N.Y. Sup. Ct. 2020) ("Malice or ill will based on gender is apparent from the alleged commission of the act [of rape and sexual assault] itself. Animus inheres where consent is absent."); *Doe v. Gross*, No. 23 CV-6325, 2024 WL 3729007, at *8 (S.D.N.Y. Aug. 7, 2024) (noting that the New York Supreme Court's Appellate Division clarified that "where rape and sexual assault are alleged," animus based on gender is apparent and suffices to state a VGMVPL claim) (internal quotations omitted).

gender occurred. *Id*. at § 10-1105.

The New York City Council further underscored its legislative intent by noting that the VGMVPL "aims to resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress for injuries resulting from gender-motivated violence." *Id*.; *see also Breest v. Haggis*, 180 A.D.3d 83, 93 (1st Dep't 2019) ("[T]he City Council was clearly filling a gap left by VAWA's demise.");[2] *Louis v. Niederhoffer*, No. 23-CV-6470-LTS, 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023) ("New York courts have relied on [the language in N.Y.C. Admin. Code § 10-1102] to conclude that the City Council was clearly filling a gap left by [the Violence Against Women Act's ("VAWA")] demise when it passed the GMV Law") (internal quotations omitted).

## II.   CHILD VICTIMS ACT ("CVA") AND ADULT SURVIVOR ACT ("ASA")

### A.   Revival Provision of the Child Victim's Act: CPLR § 214

On February 14, 2019, New York State enacted the CVA (L. 2019 c. 11). The CVA included a revival statute, CPLR § 214-g (L. 2019, ch. 11, § 12, eff. Feb. 14, 2019), which created a one-year claim revival period for actions arising from sexual offenses committed against minors where the then-applicable statute of limitations had expired before the effective date. CPLR § 214-g; Goldman Decl., Ex. 4; *see also Doe v. Jones*, No. 22-CV-644 (KAM) (LB), 2022 WL 2065032, at *2 (E.D.N.Y. June 8, 2022) ("[the CVA] extends the statute of limitations for civil actions brought by victims of child sexual abuse"); *PC-41 Doe v. Poly Prep Country*

---

[2] The Violence Against Women Act ("VAWA"), first passed by Congress in 1994, is a federal law designed to address the issue of violence against women, improve criminal justice responses, and increase the availability of services for victims of these crimes.

*Day Sch.*, 590 F. Supp. 3d 551, 563 (E.D.N.Y. 2021) ("[T]he Legislature here identified a serious harm as well as a substantial barrier to timely filing by plaintiffs seeking redress – specifically that 'most survivors report or come to terms with their abuse' long after the abuse occurred.") (*quoting* N.Y. State Assembly Mem. Supp. Legislation, reprinted in Bill Jacket for 2019 S.B. 2440, Ch. 11, at 7 (Jan. 29, 2019)).  The lookback window opened on August 14, 2019, six months after the CVA was passed, and continued through August 14, 2020.  The Act was later extended through August 14, 2021.  *See* 2019 N.Y. Sess. Laws ch. 11, § 3.

Claims covered by the CVA included any sexual offense under Article 130 of the Penal Law that was perpetrated against a victim before his or her 18th birthday.  *See Doe v. New York City Board of Education*, No. 21-CV-4332, 2023 WL 2574741, at *3 (E.D.N.Y. Mar. 20, 2023) (explaining the background of the CVA).  All other allegations remained time-barred by the applicable statute of limitations.

### B.     Revival Provision of the Adult Survivor's Act: CPLR § 214-j

Three years later, in May 2022, the New York State Legislature passed the ASA, which created a one-year lookback window for individuals to assert claims arising from sexual offenses that they endured as adults, and that would otherwise be time-barred by the statute of limitations. L.2022, c. 203, § 1, eff. May 24, 2022.  "The Justification section of the committee report on S.B. No. 66, the bill that became the ASA, explicitly referred to the fact that adult survivors of sexual abuse had been subjected to injustice by 'New York's formerly insufficient statutes of limitations' and 'should be given the opportunity to seek civil redress against their abuser[s] ... in a court of law.'"  *Carroll v. Trump*, 650 F. Supp. 3d 213, 222 (S.D.N.Y. 2023); Goldman Decl., at Ex. 5.  The ASA's revival statute, CPLR § 214-j, provided in relevant part:

7

> Notwithstanding any provision of law which imposes a period of limitation to the contrary … every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older … which is barred as of the effective date of this section because the applicable period of limitation has expired … is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

*See* CPLR § 214-j.

The one-year revival period created by the ASA began on November 24, 2022, and closed on November 24, 2023. During that period, adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitations where injuries to a plaintiff arose from intentional or negligent conduct (1) that occurred when the plaintiff was 18 years or older and (2) which constituted a sexual offense under Article 130 of the Penal Law. *Id*.

### C. The 2022 VGMVPL Amendment

In January 2022, the New York City Council enacted an amendment to the VGMVPL. The 2022 VGMPL Amendment extended the statute of limitations for claims of gender-motivated violence from seven to nine years and created a two-year lookback window, effective as of March 2023, for victims of gender-motivated violence to file civil lawsuits. N.Y.C. Admin. Code § 10 1105. Under the 2022 Amendment, the VGMVPL revival period began on March 1, 2023, and closed on March 1, 2025. The purpose of the 2022 VGMVPL Amendment was to "give survivors of gender-motivated acts of violence more time to pursue civil actions by extending the statute of limitations and clarify that the law applies to such acts

committed by parties who direct, enable, participate in, or conspire in a gender-motivated act of violence." *Council of City of N.Y. Int*. No. 2372-B, proposing amendment to N.Y.C. Admin. Code § 10-1105 [a] [Jan. 10, 2022]; *see also* Goldman Decl., at Exhibits 6–7.

### D. CPLR § 213-c

In 2006, the New York Legislature adopted CPLR § 213-c. At the time of its adoption, CPLR § 213-c provided a five-year statute of limitations for civil actions by victims of conduct constituting certain sexual offenses under Article 130 of the Penal Law, as follows:

> Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law …, may be brought within five years….

*See* 2006 Sess. Law News of N.Y. Ch. 3 (S. 8441) (McKINNEY'S).

Effective September 18, 2019, CPLR § 213-c was amended to provide a 20-year statute of limitations for claims arising, in relevant part, from conduct which could constitute either rape in the 1st, 2nd, or 3rd degree (Penal L. §130.35, §130.30(4),(5),(6), §130.25, or former Penal L. §130.50, 130.45, 130.40(1),(3)), all of which require some form of non-consensual vaginal, oral, or anal sexual contact. *See* 2019 Sess. Law News of N.Y. Ch. 315 (S. 6574) (McKINNEY'S); Goldman Decl., at Ex. 3. On its face, the amendment did not have retroactive effect.

## ARGUMENT

### I. LEGAL STANDARD

Defendant moves to dismiss the first cause of action pursuant to Rule 12(b)(6) of the

9

Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." To survive such a motion to dismiss, "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). To determine plausibility, courts follow a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678). *Second*, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (*quoting Iqbal*, 556 U.S. at 679).

The Court views the pleadings in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party. *See Hayden*, 594 F.3d at 160. The Court may also consider "the complaint, the answer, any written documents attached to them," and "any matter of which the court can take judicial notice for the factual background of the case." *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 322 (S.D.N.Y. 2016) *(citing L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)); *Byrd v. City of New York*, No. 04-CV-1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (stating that courts, in deciding a motion to dismiss, may "consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice").

**II.    APPLICATION**

Plaintiff's claims accrued in 2017, when the alleged assault occurred. As shown below, the claim is time-barred and cannot be revived pursuant to the 2022 VGMVPL Amendment because (1) the Amendment is pre-empted by New York State law, and (2) Plaintiff failed to file her claim within the relevant window provided by the ASA.

**A.    Plaintiff's VGMVPL Cause Of Action Must Be Dismissed**

Under the claim revival provisions of New York State's CVA and ASA, Plaintiff had until November 24, 2023, to file a time-barred claim arising from conduct constituting a sex crime under Article 130. As this Court concluded in *Parker v. Alexander et al.*, *infra*, the 2022 VGMVPL Amendment is preempted by state law. As such, Plaintiff's claim is untimely and must be dismissed.

**1.    Plaintiff's Claim Is Untimely Because New York State Law Preempts The 2022 VGMVPL Revival Amendment**

A local law will be preempted where the state legislature has indicated its intent to occupy the particular field (field preemption) or where it is in direct conflict with a state statute (conflict preemption). In cases of field preemption, state legislatures can occupy a field expressly or impliedly. *See DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001) ("The State Legislature may expressly articulate its intent to occupy a field, but it need not. It may also do so by implication."). A state legislature's intent to occupy a field to the exclusion of local legislation can be implied from its "enactment of a comprehensive and detailed regulatory scheme in a particular area, or from the nature of the subject matter being regulated and the purpose and scope of the state legislative scheme, including the need for state-wide uniformity in

11

a given area." *Police Benevolent Ass'n of City of New York, Inc. v. City of New York*, 40 N.Y.3d 417, 423-24 (2023) (internal quotations omitted); *see also DJL Rest. Corp.*, 96 N.Y.2d at 95 (holding that field preemption may be implied where the state legislature "has enacted a comprehensive and detailed regulatory scheme in a particular area"); *Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*, 184 A.D.3d 197, 203 (1st Dep't 2020) ("The State's intent to preempt the field may be implied from the nature of the subject matter being regulated as well as the purpose and scope of the state legislative scheme involved, including the need for state-wide uniformity in a particular field or issue.").

Where the state legislature enacts such a scheme, a local government cannot pass law concerning the same subject without explicit authority to the contrary. *See DJL Rest. Corp.*, 96 N.Y.2d at 95 ("In that event, a local government is precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary") (internal quotations omitted); *Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute."); *Mayor of City of New York v. Council of City of New York*, 4 Misc. 3d 151, 162 (Sup. Ct. 2004) (concluding a local law that addressed "virtually the identical activity regulated by" state law was preempted in its entirety).

Taken together, the CVA and ASA clearly occupy the field regarding revival of claims stemming from criminal sexual offenses pursuant to Article 130 of New York Penal Law. There is ample evidence to demonstrate that the New York State Legislature intended the CVA and ASA to preempt local law.

*First*, the CVA and ASA evince a general preemptive intent. Both specifically state that their revival provisions apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. (emphasis added). This language unequivocally aims to preclude further local regulation on limitations periods.

*Second*, the CVA and ASA constitute a comprehensive regulatory scheme. The statutes cover persons under and over the age of 18 and their revival provisions apply to "every civil claim or cause of action" constituting a sex crime under New York law. *See* N.Y. CPLR §§ 214-g, 214-j (applying to "every civil claim or cause of action brought against any party alleging intentional or negligent act or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law….").

*Third*, rarely is it more important to have state-wide uniformity than with limitations periods, which ensure continuity in victims' ability to seek justice and defendants' due process rights. The New York State Legislature created a tailored window for revival of civil claims arising from alleged violations of enumerated state sex crimes. The New York City Council cannot upend this uniformity by fashioning a separate, inconsistent revival period for time-barred sexual assault claims that applies only in New York City.[3]

Conflict preemption applies where "there is a head-on collision between" state and local law. *Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs*., 74 N.Y.2d 761, 764 (1989). "For a local law to be invalid pursuant to the conflict preemption doctrine, the State

---

[3] In any of New York's other 61 cities, the deadline to file a lawsuit alleging the same violations of the same state laws was November 24, 2023.

must specifically permit the conduct the local law prohibits or provide 'some other indication that deviation from state law is prohibited.'" *People v. Torres*, 37 N.Y.3d 256, 268 (2021) (*quoting Garcia v. New York City Dep't of Health & Mental Hygiene*, 31 N.Y.3d 601, 617-18 (2018)). Here, the revival windows created by the ASA and the 2022 VGMVPL Amendment conflict. The ASA revival window opened on November 24, 2022. The 2022 VGMVPL Amendment allowed for the commencement of claims "not earlier than six months after … September 1, 2022," *i.e.*, March 1, 2023. N.Y.C. Admin. Code § 10-1105. The ASA thus is unambiguously inconsistent with the start date of the VGMVPL revival window because the ASA specifically "permit[s] the conduct the local law" does not: bringing VGMVPL claims between November 24, 2022, and March 1, 2023. *See Torres*, 37 N.Y.3d at 265. Similarly, the ASA is inconsistent with the end date of the 2022 VGMVPL Amendment revival window.

Per Plaintiff's theory, the window to bring her claims would not close until March 1, 2025, over 27 months after it opened. That would create a revival period longer than either the ASA or VGMVPL revival windows standing alone. *See Parker*, 2025 WL 268436, at *3 ("[The VGMVPL revival period] would conflict with the ASA's express provision that '[n]otwithstanding any provision of law which imposes a period of limitation to the contrary' eligible plaintiffs may file claims 'not later than [November 24, 2023].'") (*quoting* CPLR § 214-j). *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 372 (2020) ("When the legislature has intended to revive time-barred claims, it has typically said so unambiguously, providing a limited window when stale claims may be pursued."). Plaintiff's interpretation—in which state law opens the revival window and local law would close it—conflicts with the Legislature's creation of a limited window.

Finally, the Legislature has historically acted with care and clarity when interfering with the strong public policy favoring finality, predictability, and fairness served by statutes of limitations. *Regina Metro. Co., LLC*, 35 N.Y.3d at 372. New York's Legislature and Court of Appeals recognize that revival is "an extreme exercise of legislative power" and take great pains to balance brief revival periods against the state's Due Process Clause. *Id.* at 372 *(quoting Hopkins v. Lincoln Trust Co.*, 233 N.Y. 213, 215 (1922); PC-41 Doe v. Poly Prep Country Day Sch., 590 F. Supp. 3d 551, 564-65 (E.D.N.Y. 2021) (discussing length of revival window). Significantly, prior to passing the ASA, the State Legislature extended the CVA lookback window from one to two years. There is no doubt that it could have created a two-year revival provision for the ASA. It chose not to.

The City Council had no authority to legislate in a manner that was inconsistent with the comprehensive statutory scheme enacted by the state or pass law regulating the revival of sexual assault claims. Permitting the 2022 VGMVPL Amendment to override the revival window created by the ASA and CVA would undercut the policy considerations and efforts of the State Legislature. Accordingly, the 2022 VGMVPL Amendment is preempted by New York law, and Plaintiff's claim brought under the VGMVPL must be dismissed.

> **2.  The VGMVPL Cause Of Action Is Time-Barred Under *Parker v. Alexander***

The sole court to address the precise issue now before this Court held that the VGMVPL's 2022 VGMVPL Amendment was preempted by state law. *Parker v. Alexander et al.*, 24-cv-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025); Goldman Decl., at Ex. 1. As here, the plaintiff in Parker brought a VGMVPL claim outside the ordinary statute of limitations

15

and relied on the 2022 VGMVPL Amendment. In a thorough opinion, expanding upon his holding in *Bellino v. Tallarico*, No. 24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024), U.S. District Judge Lewis A. Kaplan held in Parker that New York State law preempts the VGMVPL's revival window on both field preemption and conflict preemption grounds, dismissing as time-barred the VGMVPL claim.[4] Goldman Decl., at Exhibits 1–2.

The same rationale applies here. Plaintiff alleges that Defendant raped her, and this claim fall within the scope of the ASA and its revival provision. Indeed, Plaintiff's VGMVPL claim would be time-barred but for the 2022 VGMVPL Amendment.[5] Plaintiff, however, failed to bring legal action against Defendant during the ASA revival period, which closed November 24, 2024. Instead, she filed the instant Complaint nearly 15 months later, on February 18, 2025, during the period created by the 2022 VGMVPL Amendment.

Consistent with settled principles of the preemption doctrine and the decisions in *Parker*,

---

[4] In his decision, Judge Kaplan explained that together the CVA and the ASA "constitute a comprehensive and detailed regulatory scheme" that "occup[ies] the field of revival of civil claims arising from violations of state sexual offense penal statutes." Ex. 1 at *2-3. As discussed *supra*, this is because the CVA and ASA apply to "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal code" committed against a child or adult and "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. at *2 (*quoting* CPLR §§ 214-g, 214-j). Further proof of the State's intent to occupy the field, Judge Kaplan explains, is found in the legislature's "sequence of enactments." *Id*. at *3. Because the 2022 VGMVPL Amendment was enacted prior to the ASA's passage, "the state easily could have carved the [VGMVPL] out of the ambit of the ASA," but it did not. *Id*. Judge Kaplan also held that the 2022 VGMVPL Amendment is preempted because it conflicts directly with the ASA's revival window. *Id*.

[5] The statute of limitations for a claim under the VGMVPL ordinarily is seven years. N.Y.C. Admin. Code ¶¶ 10-1105(a). The VGMVPL limitations period for conduct in November 2014 therefore expired in November 2021.

16

a New York City local law cannot extend the claim revival period set by the New York State Legislature. Plaintiff filed her Complaint over a year after the ASA look back window had closed. Therefore, it is time-barred and cannot be revived by the 2022 VGMVPL Amendment. That provision is preempted by the state's adoption of the CVA and ASA. The *Parker* decision is dispositive and requires dismissal of Plaintiff's claim under the VGMVPL.

## CONCLUSION

For the foregoing reasons, Oren Alexander respectfully requests that this Court grant his motion and dismiss the Complaint's first cause of action with prejudice.

Dated: New York, New York
         March 23, 2025

                                            Respectfully submitted,

                                            *s/ Jason Goldman*

                                            **The Law Offices of Jason Goldman**
                                            Jason Goldman, Esq.
                                            275 Madison Ave., 35th Fl.
                                            New York, New York 10016
                                            212.466.6617
                                            jg@jasongoldmanlaw.com