**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

**JANE DOE**

                              *Plaintiff*,                                        No. _____

                    v.
**OREN  ALEXANDER,**

                              *Defendants*.

-------------------------------------------------------X


<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>

<u>**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**</u>

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel Curis Law, PLLC, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to New York Uniform Rule 202.8-a (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit involves claims arising from Defendant Oren Alexander's sexual assault of Plaintiff in 2017.   In the Complaint (Dkt. No. 1), Defendant invited Plaintiff to meet for breakfast and coffee in New York City on  or about September 1, 2017. The two made plans to meet at a restaurant, but on the morning of the scheduled date, Defendant texted Plaintiff stating he was running late and invited her to his apartment so they could leave together. Trusting Defendant, Plaintiff agreed and arrived at his apartment, located near Prince Street and Mercer Street in Soho. Upon entering Defendant's apartment, Plaintiff was offered a cup of tea while Defendant "finished getting ready." Within minutes of consuming the tea, Plaintiff began to feel severely sedated, dizzy, and incapable of controlling her body. Plaintiff lost her ability to resist, at which point Defendant led her to his bedroom and sexually assaulted and raped her. Plaintiff was rendered unconscious for a period of time, thereafter, and when she awoke, she realized she had been violated. Defendant dismissed Plaintiff, stating that she could "make herself at home and clean up" while he left the apartment.

As set forth in the Complaint, Defendants have cultivated a pattern of leveraging their wealth, status, and high-profile circles to manipulate and sexually exploit young women.

## ARGUMENT

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. *See, e.g.*, *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), vacated on rehearing

and modified on other grounds, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted).

I.    **PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS AND THREATS OF HARM.**

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name. When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189-90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

(1)   whether the litigation involves matters that are highly sensitive and of a personal nature;

(2)   whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3)   whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4)   whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5)   whether the suit is challenging the actions of the government or that of private parties;

(6)   whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7)   whether the plaintiff's identity has thus far been kept confidential;

(8)   whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9)   whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)  whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. *See id*. at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

A.   <u>This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature</u>

As to the first factor, Plaintiff's claims concern sexual assault and, accordingly, are highly sensitive and of a personal nature.  In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims.  *See Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross &*

*Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity). An action need not involve rape or sexual assault specifically in order to permit a plaintiff to proceed as a John Doe. *See Trooper 1 v. N.Y. State Police*, No. 22 Civ. 00893 (LDH) (TAM), ECF No. 37. In *Trooper 1*, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

*Id.* (citations and quotations omitted). Here, the Alexander Brothers are public figures and the media attention given to this case has been substantial.

Given this confluence of events, the media attention given to this action would undoubtedly create a chilling effect on future plaintiffs in similar circumstances should Plaintiff be forced to disclose his identity. *See, e.g.*, *Doe v. Colgate Univ.*, No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal her identity would have on future plaintiffs facing similar situations."); *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). *See also Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

B. <u>Plaintiff's Identification Poses a Risk of Retaliatory Physical and/or Mental Harm</u>

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of both physical and mental harm. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). There is a significant risk here of physical

harm to Plaintiff that cannot be ignored as defendants are known to have violently drugged and raped their victims.

In terms of mental harm, Plaintiff's experiences as described in the Complaint are traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff. *See Doe 140 v. Archdiocese of Portland in Or*., 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted. *See Doe v. Smith*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp*., 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980). In this case, the filing of this lawsuit will garner significant attention in the press, and if Plaintiff's identity is revealed to the public, there is little doubt that she would be inundated with unwanted attention from the media that would cause her extreme psychological distress. Plaintiff would certainly experience significant harm if she is forced to reveal her identity to the public.

C. Defendants Will Not be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously

Protecting Plaintiff by allowing her use of a pseudonym will not prejudice Defendants. The Complaint sets forth the factual basis for Plaintiff's claims in detail. Defendant cannot claim to be prejudiced in discovery here simply because Plaintiff may proceed anonymously.

Defendants will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with applicable rules, and obtain any and all documents. There is neither potential prejudice to the Defendant nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants. As such, Defendants will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe pseudonym.

In any event, we are at the earliest stages of this case. Defendants' next step is to answer or file a motion to dismiss, neither of which requires disclosure of Plaintiff's identity. Any arguments regarding Defendants' need for additional information about Plaintiff later in the case are premature, and can be dealt with in the ordinary course of litigation as the case proceeds. *See Grottano v. City of New York*, No. 15 Civ. 9242, 2016 WL 2604803, at *3 (S.D.N.Y. Mar. 30, 2016) (granting motion to proceed anonymously and rejecting arguments about impact of anonymity in later stages of litigation). This Court has routinely granted initial leave to file a complaint pseudonymously while reserving the right to order disclosure of a plaintiff's identity at a later stage, suggesting that the standard for making the requisite showing is lower at the pleading stage. *See, e.g., Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223 (S.D.N.Y. 2015) (denying motion to proceed pseudonymously *at trial* after allowing plaintiff to proceed under pseudonym earlier in case).

D. Plaintiff has Kept Her Identity Confidential

Further, Plaintiff has taken steps to keep her identity confidential. For example, she has not spoken publicly about the incidents that underly the causes of action.

E. The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Id*. Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim. In *EW*, 213 F.R.D. 108, the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." *Id*. at 112-13. In this case, the sensitive and personal nature of Plaintiff's allegations of sexual assault and the likelihood of further psychological injury overcomes any presumption of openness.

F. <u>Allowing Plaintiff to Proceed Anonymously Furthers Public Interest</u>

The Court's favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously, furthers the public interest. In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001), the plaintiff requested that she be able to proceed anonymously. As here, the plaintiff in Evans was a victim of sexual assault. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id*. at 176. Plaintiff requests the same consideration here to protect her identity as she would suffer significant psychological harm if she is forced to reveal her identity to the public.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's

Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just

and appropriate.

Dated: March 27, 2025

                                     Respectfully submitted,

                                     **CURIS LAW, PLLC**
                                     By: *_/s/ Antigone Curis_*
                                     antigone@curislaw.com
                                     52 Duane Street, 7th Floor
                                     New York, New York 10007
                                     Phone: (646) 335-7220
                                     Facsimile: (315) 660-2610