UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
JANE DOE,                                                         :
:
                              Plaintiff,                          :
:
                   -v-                                            :
:
OREN ALEXANDER,                                                   :
:
                              Defendant.                          :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __04/16/2025__

25-cv-2107 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jane Doe ("Plaintiff") has sued Oren Alexander ("Defendant"), alleging sexual

assault. Dkt. No. 1-1 ¶¶ 27–41. Plaintiff alleges that after she matched with Defendant on a

dating app and exchanged casual messages, she met Defendant for what he said would be

breakfast and coffee on or around September 1, 2017. *Id.* ¶¶ 12–13. Defendant invited her into

his apartment while he "finished getting ready," gave her a tea which made her sedated and

dizzy, and sexually assaulted and raped her. Dkt. No. 1-1 ¶¶ 13–18.

Plaintiff filed her complaint in New York County Supreme Court on February 18, 2025.

Dkt. No. 1-1. Defendant then removed the action to this District on March 13, 2025. Dkt. No. 1.

Plaintiff now moves for an order permitting her to proceed anonymously, under the pseudonym

"Jane Doe." Dkt. No. 9. The application is supported by an affidavit of Plaintiff in which she

notes that she was in college at the time of the rape and states that if her identity is disclosed, she

will not proceed with the lawsuit. Dkt. No. 10-1. Defendant opposes the motion. Dkt. No. 16.

For the reasons that follow, the motion is denied.

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the

parties to a litigation. Fed. R. Civ. P. 10. This requirement "serves the vital purpose of

facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."
*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[W]hen
determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the
plaintiff's interest in anonymity must be balanced against both the public interest in disclosure
and any prejudice to the defendant." *Id.* at 189. "The people have a right to know who is using
their courts." *Id.* (internal quotation marks omitted) (quoting *Doe v. Blue Cross & Blue Shield
United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Second Circuit has identified a number of non-
exclusive factors that are relevant to whether a plaintiff should be permitted to proceed
pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a
> personal nature; (2) whether identification poses a risk of retaliatory physical or
> mental harm to the . . . party seeking to proceed anonymously or even more
> critically, to innocent non-parties; (3) whether identification presents other harms
> and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly
> vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is
> challenging the actions of the government or that of private parties; (6) whether the
> defendant is prejudiced by allowing the plaintiff to press his claims anonymously,
> whether the nature of that prejudice (if any) differs at any particular stage of the
> litigation, and whether any prejudice can be mitigated by the district court; (7)
> whether the plaintiff's identity has thus far been kept confidential; (8) whether the
> public's interest in the litigation is furthered by requiring the plaintiff to disclose
> his identity; (9) whether, because of the purely legal nature of the issues presented
> or otherwise, there is an atypically weak public interest in knowing the litigants'
> identities; and (10) whether there are any alternative mechanisms for protecting the
> confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted and alterations adopted); *see also United
States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).

The court is not required "to list each of the factors or use any particular formulation as
long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed
Plaintiff*, 537 F.3d at 191 n.4. The court does not simply count the factors and rule in favor of
that party for whom the most factors favor. The presumption is that a plaintiff will disclose her

identity. *See id.* at 189 (noting the "constitutionally-embedded presumption of openness in judicial proceedings"). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

The Court has recently rejected arguments, brought by the same counsel representing Plaintiff here, that a plaintiff alleging sexual assault against a high-profile individual should be entitled to proceed anonymously because publicly litigating such sensitive claims will cause unwanted media attention and psychological distress. *See Doe v. Combs*, 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025). The Court noted the strong presumption against permitting a plaintiff to proceed anonymously and concluded that the presumption was not overcome. *Id.* at *2–4. The Court concluded that "[t]he very gravity of the charges, combined with the fact that Plaintiff has presented no evidence of specific and concrete harm that would occur from the disclosure of her identity and the severe prejudice to Defendants of keeping that identity confidential, undermine [the plaintiff's] claim to proceed anonymously." *Id.* at *4. Other judges of this Court have come to similar conclusions. *See, e.g.*, *Doe v. Leonelli*, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 533 (S.D.N.Y. 2021); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97–98 (S.D.N.Y. 2020); *Doe v. Combs*, 2024 WL 863705, at *5 (S.D.N.Y. Feb. 29, 2024). For the same reasons, Plaintiff has not overcome the presumption against anonymity here.

The first factor, whether the litigation involves matters of a sensitive or personal nature, "favors the plaintiff's use of a pseudonym." *Doe v. Combs*, 2025 WL 268515, at *2 (S.D.N.Y. Jan. 22, 2025). Plaintiff alleges that she was sexually assaulted and raped by Defendant before a scheduled breakfast meeting in New York. Dkt. No. 1-1 ¶¶ 27–41; *see Rapp*, 537 F. Supp. 3d at

528 ("Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims" (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006))). "However, allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Id.* (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)); *see Doe v. Combs*, 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024), *reconsideration denied,* 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024); *Doe 1 v. Branca USA, Inc.,* 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would ipso facto proceed anonymously.").

The second and third factors concern whether Plaintiff would suffer harm if her identity were disclosed. These factors do not favor allowing Plaintiff to proceed anonymously. "Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Skyline Automobiles*, 375 F. Supp. 3d at 406. Rather, "[o]vercoming the presumption of openness requires particularized evidence that disclosure will cause injury." *Combs*, 2025 WL 268515, at *3. Plaintiff avers: "I want to be Jane Doe because I fear retaliation and I am concerned about my safety." Dkt. No. 10-1 ¶ 3. She also avers that it would be "personal and humiliating" for friends to learn that she was raped. *Id.* But, while the Plaintiff swears, and the Court credits, that the rape has had a lifelong impact on her, *id.* ¶ 5, she stops short of identifying any particularized physical or psychological harm she fears she will suffer from disclosure of her name in this case. Plaintiff's statements may be true, but they are "generic allegations" in that they may be applicable to any litigant bringing a sexual assault

claim. *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999); *see Combs*, 2025 WL 268515, at

*3.  Plaintiff "ha[s] not established with any specificity the incremental injury that would result

from disclosure of [her identity] or provided direct evidence linking disclosure of [her] name to a

specific physical or mental injury." *Branca USA*, 2022 WL 2713543, at *4; *see Combs*, 2025

WL 268515, at *3 ("Plaintiff has not introduced particularized medical or other evidence that

revelation of Plaintiff's identity would cause exceptional emotional harm of the type that justifies

anonymity." (internal quotation marks and citation omitted)).  And while her counsel argues that

there is a significant risk of physical harm if her identity is disclosed because Defendant has "a

history of preying on young women" and is "known to have violently drugged and raped [his]

victims," Dkt. No. 1-1 ¶ 10; Dkt. No. 10 at 6, counsel offers no evidence of reprisals or threats

Defendant has made against any of his victims, *compare Combs*, 2025 WL 722790, at *2 (noting

that defendant had threatened victim with "disappearance" if she told anyone of her rape but

concluding that this threat lacked significant weight because there was no evidence of a threat in

the succeeding three decades).  Defendant is now under criminal indictment and is in federal

custody, *see United States v. Alexander et al.*, No. 24-cr-676 (S.D.N.Y.), rendering personal

retaliation on his part less likely.

    As to the fourth factor, "courts have been readier to protect the privacy interest of minors

in legal proceedings than of adults." *Doe v. Solera Cap. LLC*, 2019 WL 1437520, at *6

(S.D.N.Y. Mar. 31, 2019).  Plaintiff is an adult and apparently was an adult at the time of the

alleged assault.  Dkt. No. 1-1 ¶ 3; Dkt. No. 10-1 ¶ 3.  The fourth factor favors Defendant.

*Branca USA*, 2022 WL 2713543, at *4.

    The fifth *Sealed Plaintiff* factor concerns whether the suit challenges the actions of the

government or that of private parties.  "When a lawsuit challenges governmental actions, actors,

or policies, the plaintiff has a strong interest in proceeding anonymously." *Solera Cap.*, 2019 WL 1437520, at *6. And, at the same time, the government has a diminished interest in the public disclosure of the name of the plaintiff because "governmental bodies do not share the concerns about 'reputation' that private persons have when they are publicly charged with wrongdoing." *Free Speech v. Reno*, 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999). As Plaintiff here challenges purely private actors, this factor also favors Defendant.

The sixth factor asks whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously. Plaintiff argues that this factor favors anonymity because "[t]he Complaint sets forth the factual basis for Plaintiff's claims in detail" and "Defendant will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with applicable rules, and obtain any and all documents." Dkt. No. 10 at 6; Dkt. No. 17 at 3. That response misunderstands the stakes for Defendant in whether Plaintiff may proceed anonymously. Defendant's interest is not fully accommodated by permitting him to depose Plaintiff and receive whatever documents might exist in her possession. In examining the sixth factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). If Plaintiff's name is kept from the public, information about only one side may thus come to light. In particular, "persons with information about [Plaintiff] or [her] allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Branca USA*, 2022 WL 2713543, at *2. "This asymmetry between the parties not only would prejudice [Defendant], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *Combs*, 2024 WL 4635309, at *5 (quoting *Rapp*,

537 F. Supp. 3d at 531); *compare Doe v. N.Y.C. Hous. Auth.*, 2022 WL 2072570, at *2

(S.D.N.Y. June 9, 2022) ("The defendants know the plaintiff's identity, and there is no need for

that identity to be publicized for the defendants to take discovery and defend this case.").

Moreover, "courts have found that defending against such allegations publicly, while a

plaintiff is permitted to make her accusations from behind a cloak of anonymity, is prejudicial."

*Branca USA*, 2022 WL 2713543, at *4 (internal citations and quotations omitted).  As then-

District Judge Chin put it nearly thirty years ago addressing the same issue: "Plaintiff has chosen

to bring this lawsuit. She has made serious charges and has put her credibility in issue. Fairness

requires that she be prepared to stand behind her charges publicly." *Doe v. Shakur*, 164 F.R.D.

359, 361 (S.D.N.Y. 1996) (Chin, J.).  Although Defendant is already in the public eye due to six

pending sex trafficking charges, he is presumed innocent and has a right to fight Plaintiff's

allegations.  "The plaintiff's anonymity may undermine the defendants' efforts to mitigate the

alleged reputational damage stemming from these serious allegations." *Combs*, 2025 WL

268515, at *4.

"The seventh *Sealed Plaintiff* factor is whether the plaintiff's identity has thus far been

kept confidential.  If confidentiality has not been maintained, courts typically reject a motion to

proceed under a pseudonym." *Doe v. Combs*, 2024 WL 4635309, at *5.  Plaintiff has not spoken

publicly about the incidents that underlie the causes of action in her complaint.[1]  Dkt. No. 10 at

7.  This factor favors Plaintiff.

---

[1] Defendant notes that Plaintiff's counsel has engaged in public advertising related to this case,
including promoting a "Legal Action Against Alexander Brothers" campaign, posting on
Instagram, and running ads in *The New York Times*.  Dkt. No. 16 at 1.  However, these materials
do not disclose Plaintiff's identity.

The eighth favor—the public interest—weighs in favor of Defendant, albeit slightly. The public has an interest in having victims of sexual assault, like all victims of harm, come forward with their claims both so that they can receive justice from those who harmed them and so that the defendant is deterred from causing harm again. *See Combs*, 2025 WL 268515, at *4; *Doe on behalf of Doe No. 1 v. Nygard*, 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020); *Doe v. Alexander*, 2025 WL 784913, at *4 (S.D.N.Y. Mar. 12, 2025) ("[T]here is a public interest in protecting sexual assault victims so that other victims will not be discouraged from pursing legal actions."). However, courts that have weighed this interest against the public interest in open judicial proceedings have repeatedly held that the former is insufficient to outweigh the latter in the absence of "evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Alexander*, 2025 WL 784913, at *4 (quoting *Branca USA*, 2022 WL 2713543, at *2); *see Rapp*, 537 F. Supp. 3d at 532; *Combs*, 2024 WL 4635309, at *2.[2] This line of reasoning essentially restates the analysis under factors one through three, where courts have held that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym," but may be sufficient when accompanied by evidence of particularized physical or mental harm. *Combs*, 2024 WL 4635309, at *2 (quoting *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405); *see Alexander*, 2025 WL 784913, at *2.

However, the eighth factor is not best understood as an invitation to reweigh these same concerns under the label of the public interest. Rather, the eighth factor–"whether the public's

---

[2] In this regard, it is notable that "this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. . . . [T]he public's interest in bringing defendants to justice for breaking the law—assuming that they did—is being vindicated in the criminal proceedings." *Shakur*, 164 F.R.D. at 361.

interest in the litigation is furthered by requiring the plaintiff to disclose his identity,"–asks whether disclosure of the plaintiff's name would enhance the public's understanding of the proceedings and the nature of the dispute. *Sealed Plaintiff*, 537 F.3d at 190.[3]  In some cases, where the question is whether a particular medical procedure is legally protected or was the cause of the plaintiff's injury, the identity of the plaintiff is relatively immaterial. *See EW*, 213 F.R.D. at 111 (noting that cases involving abortion rights have sometimes been litigated anonymously).  There is no dispute the procedure happened; the only question relates to legal consequences.  In other cases, by contrast, the case turns on the credibility of parties who may be the only witnesses to a contested event.  In such cases, "the public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities." *Alexander*, 2025 WL 784913, at *5 (quoting *Leonelli*, 2022 WL 2003635, at *4).  This case falls into the latter category.[4]

    The ninth and tenth factors favor Defendant.  This is not a case in which "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public

---

[3] *Sealed Plaintiff* draws this factor from *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  In explaining the factor, *Advanced Textile* cites in turn to *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), for the proposition that party anonymity should not "obstruct the public's view of the issues joined or the court's performance in resolving them." *Id.*  Therefore, the interest accounted for by the factor is specifically the public interest in observing the courts and ensuring the effective administration of justice.

[4] Plaintiff argues that "the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim."  Dkt. No. 10 at 8.  However, that argument asks the Court to accept what it may not presume–that the sexual assault happened and Defendant committed it.  And the identity and credibility of both Plaintiff and Defendant are equally critical to the determination of those issues.  The situation is quite different from a case like *Stegall*, cited by Plaintiff, in which it was undisputed that school administrators selected students to read "poetry, Bible verses, and prayers of a Protestant cast."  653 F.2d at 182.  Naming the exact students challenging this practice would have exposed them to "extensive harassment and perhaps even violent reprisals," while adding absolutely nothing to the public understanding of whether such practice violated the First Amendment. *Id.* at 187.

interest in knowing the litigants' identities," and there do exist "alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. A protective order may "protect against disclosure of that information of the most personal and intimate nature." *Branca USA*, 2022 WL 2713543, at *4.

Plaintiff seeks anonymity on the basis that she was allegedly a victim of a grave sexual assault, that she has kept her identity confidential, and that revealing the assault publicly would cause her general emotional harm because of the notoriety of this case. That is not enough to overcome the presumption against anonymity. Anonymity is not a privilege that is granted as a matter of course, but rather one that is reserved for cases in which there is "evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Alexander*, 2025 WL 784913, at *4 (quoting *Branca USA*, 2022 WL 2713543, at *2). As Judge Chin stated in Shakur:

> Plaintiff argues that Shakur's notoriety will likely cause this case to attract significant media attention, and she contends that disclosure of her name will cause her to be "publicly humiliated and embarrassed." Such claims of public humiliation and embarrassment, however, are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously.

*Shakur*, 164 F.R.D. at 362.

The motion to proceed anonymously is DENIED. Plaintiff shall file a complaint in her own name by May 7, 2025, or this case will be dismissed.

The Clerk of Court is respectfully directed to close Dkt. No. 9.

SO ORDERED.

Dated: April 16, 2025
New York, New York
_____
LEWIS J. LIMAN
United States District Judge