**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
**TISHA ROMERO,**

No. 1:25-cv-2107

*Plaintiff,*

**AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

**v.**

**OREN ALEXANDER,**

*Defendant.*

-------------------------------------------------------X

Plaintiff Tisha Romero ("Plaintiff"), by and through her attorneys, Curis Law,

PLLC, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to hold Defendant Oren Alexander accountable for the brutal sexual assault he committed against her in New York. On or about September of 2017, Defendant lured Plaintiff into his residence under the pretense of meeting for a casual breakfast and coffee. However, once inside, he drugged her beverage, rendering her incapacitated before proceeding to sexually assault and rape her.

2. Defendant leveraged his wealth, status, and influence to perpetrate this crime with impunity. His abuse was not an isolated incident but part of a broader pattern of misconduct in which he used his powerful social connections to lure, coerce, and silence his victims. Plaintiff

seeks justice, accountability, and the full measure of legal remedies available to survivors of sexual violence.

## PARTIES

3.      Plaintiff Tisha Romero is an adult female who resides in California.

4.      Defendant Oren Alexander, a resident of New York , engaged in predatory conduct and used his social status and financial power to lure, coerce, and assault women.

5.      Currently, Defendant Oren Alexander, is incarcerated at the Metropolitan Detention Center (MDC), 80 29th St, Brooklyn, NY 11232 for allegations of similar misconduct.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction pursuant to New York Civil Practice Law and Rules (CPLR) § 301 and § 302, as this action involves causes of action recognized under the laws of the State of New York, including violations of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101.

7.      This Court has personal jurisdiction over the Defendant pursuant to CPLR § 302(a) because the acts giving rise to Plaintiff's claims occurred within the State of New York, the Defendant is domiciled in New York and/or regularly transacts business in New York State, including in New York City.

8.      Venue is proper in this County pursuant to CPLR § 503 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this County, including the assault of Plaintiff.

## JURY DEMAND

9.      Plaintiff hereby demands a trial by jury on her claims in this action.

## FACTUAL ALLEGATIONS

10.    Oren Alexander has a history of preying on young women, using his wealth and social standing to gain access to them.

11.    He regularly met women through dating applications and social circles, exploiting their trust before assaulting them.

12.    Plaintiff matched with Defendant on a dating app and exchanged casual messages.

13.    Defendant invited Plaintiff to meet for breakfast and coffee in New York City on or about September 1, 2017.

14.    The two made plans to meet at a restaurant, but on the morning of the scheduled date, Defendant texted Plaintiff stating he was running late and invited her to his apartment so they could leave together.

15.    Trusting Defendant, Plaintiff agreed and arrived at his apartment, located near Prince Street and Mercer Street in Soho.

16.    Upon entering Defendant's apartment, Plaintiff was offered a cup of tea while Defendant "finished getting ready." Within minutes of consuming the tea, Plaintiff began to feel severely sedated, dizzy, and incapable of controlling her body.

17.    Plaintiff lost her ability to resist, at which point Defendant led her to his bedroom and sexually assaulted and raped her.

18.    Plaintiff was rendered unconscious for a period of time, thereafter, and when she awoke, she realized she had been violated.

19.    Defendant dismissed Plaintiff, stating that she could "make herself at home and clean up" while he left the apartment.

20.    Plaintiff, still in a haze, struggled to dress herself and leave the premises.

21.     She later "woke up" while walking outside, near the Prada store down the street, unsure of how she had managed to leave the apartment.

22.     Plaintiff spent the following hours in shock, eventually meeting a friend.

23.     She suffered from extreme anxiety, dissociation, and emotional distress in the days and weeks following the assault.

24.     Over time, Plaintiff developed PTSD, experiencing flashbacks and severe panic attacks related to the trauma.

25.     Fearful of retaliation and stigma, she did not immediately report the assault.

26.     The psychological and emotional toll has affected her ability to form healthy relationships and trust others.

## FIRST CAUSE OF ACTION
### (Violation of New York City Victims of Gender-Motivated Violence Protection Act)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length

28.     By forcing sexual contact onto Plaintiff, Defendant committed a "crime of violence motivated by gender" under the Victims of Gender-Motivated Violence Protection Act ("VGMVPA") as defined in New York City Administrative Code § 10-1103.

29.     The requirement that the crime of violence be committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender is satisfied because Defendant forced Plaintiff to engage in a sexual interaction without consent. Moreover, Alexander's long history of violence and sexual abuse against women evinces a deep contempt and desire for domination over women.

30.     Defendant intentionally made harmful and offensive sexual contact with Plaintiff without consent. Defendant restrained Plaintiff through coercion and force, preventing her from leaving immediately. Defendant's conduct was extreme, outrageous, and caused severe emotional distress.

31.     Plaintiff suffered severe physical and emotional harm as a result. Plaintiff was held against her will and subjected to non-consensual acts. Plaintiff continues to suffer from anxiety, trauma, and depression.

32.     As a result of Defendant's actions, Plaintiff suffered damages in an amount to be determined at trial and pursuant to the fee-shifting provision of the statute.

## SECOND CAUSE OF ACTION
### (Sexual Battery)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

34.     Defendant's conduct as described above constitutes a sexual battery in that the contact was intentional, harmful and offensive.  Moreover, Plaintiff did not consent to the harmful and offensive contact.

35.     By forcing sexual contact onto Plaintiff, Defendant committed acts constituting rape and oral sexual conduct, falling within the scope of CPLR § 213-c, which provides a 20-year statute of limitations for civil claims arising from such conduct.

36.     CPLR § 213-c states: "Notwithstanding any other limitation set forth in this article, an action to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such plaintiff . . . may be commenced within twenty years."

37.     As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, and humiliation.

38.     Plaintiff is entitled to compensatory damages from the Defendant in such sums a jury would find fair, just, and adequate.

39.      Plaintiff is entitled to punitive damages from the Defendant in such sums as a jury would find fair, just and adequate to deter said defendant and others from future similar misconduct.

40.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

41.     This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant on all counts as follows:

a.   Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

b.   Awarding punitive damages in an amount to be determined at trial;

c.   Awarding attorneys' fees and costs pursuant to any applicable statute or law;

d.   Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

e.    Attaching any and all of Defendant's real property and other assets located in
the State of New York pursuant to Federal Rule of Civil Procedure 64; and

f.    Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York
April 25, 2025

**CURIS LAW, PLLC**

By:_Antigone Curis_

antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**AVA LAW GROUP**

Andrew Van Arsdale
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------X
**TISHA ROMERO**

Index No.:

*Plaintiff,*

**ATTORNEY**
**VERIFICATION**

-against-

**OREN ALEXANDER,**

*Defendant.*
-----------------------------------------------------------------X

ANTIGONE CURIS, an attorney duly admitted to practice in the Courts of New York State, and a member of the firm CURIS LAW, PLLC., attorneys for the Plaintiffs in the within action, hereby affirms under penalty of perjury:

That she has read the within complaint and knows the contents thereof, and that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

That the sources of her information and knowledge are investigations and records in the file.

That the reason this verification is made by affirmant and not by the Plaintiff is that the Plaintiff is not within the County where the attorney has her office.

Dated: New York, New York
        April 25, 2025

/s/    *Antigone Curis*
        ANTIGONE CURIS